United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40928
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR LARA-HERNANEZ, also known as Martin Uribe-Cnchola,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-54-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Salvador Lara-Hernanez appeals his sentence following his guilty-plea conviction of one charge of illegal reentry into the United States. Lara-Hernanez argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. He acknowledges that this claim is reviewed for plain error only, but he contends that he can meet this standard.

The district court committed error that is plain by sentencing Lara-Hernanez under a mandatory sentencing guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regime. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Nevertheless, Lara-Hernanez has not carried his burden of showing that the district court's error affected his substantial rights. See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521. Lara-Hernanez's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297); see also United States v. Martinez-Lugo, 411 F.3d 597, 600-01, (5th Cir. 2005). Lara-Hernanez has not shown that he should receive relief on this claim.

Lara-Hernanez's argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional is, as he concedes, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). See Apprendi v. New Jersey, 530 U.S. 466, 489-490 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Lara-Hernanez has shown no reversible error in the district court's judgment. Consequently, that judgment is AFFIRMED.